UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFERY ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-818-JD-AZ |

OPINION AND ORDER

Jeffery Roberts, a prisoner without a lawyer, filed a habeas petition in connection with his conviction for dealing narcotic drugs under Case No. 34D01-1611-F2-1153.[1] Following a jury trial, on May 24, 2018, the Howard Superior Court sentenced him as a habitual offender to fifty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition and in the pending motion to supplement,[2] Roberts asserts that he is entitled to habeas relief because the Indiana legislature did not properly enact the 2013 bill amending Ind. Code § 35-48-4-1, the State statute codifying the criminal offense of dealing narcotic drugs under which Roberts was convicted. According to

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

[2] The court will grant the motion to supplement by allowing it to remain on the docket and by considering the information within it to be part of the habeas petition for purposes of this order.

Roberts, the failure to strictly follow legislative procedures rendered the statute and thus his conviction void. However, this line of reasoning is severely flawed in numerous respects.

First, the 2013 version of Ind. Code § 35-48-4-1 is not relevant to Robert's conviction. Under Indiana law, "the controlling law is that which is in effect at the time the crime is committed." *Smith v. State*, 675 N.E.2d 693, 695 (Ind. 1996). Significantly, the Indiana legislature amended Ind. Code § 35-48-4-1 again in 2016 with an effective date of July 1, 2016. *See Crimes and Offenses, Controlled Substances, and Evidence*, 2016 Ind. Legis. Serv. P.L. 44-2016 (S.E.A. 290) (West).[3] The crime of Roberts' conviction took place in October 2016, which means that the 2016 version of the statute governs Roberts' conviction, not the 2013 version. *See Roberts v. State*, 282 N.E.3d 121 (Ind. Ct. App. 2026).

Additionally, the court observes that Ind. Code § 35-48-4-1 existed and codified variations of the same type of crime long before the enactment of the 2013 version. *See e.g., Thomas v. State*, 428 N.E.2d 231, 231 (Ind. 1981) ("The defendant, Leroy Thomas, was convicted by a jury of violating the Indiana Uniform Controlled Substance Act, a class B felony, Ind. Code s 35-48-4-1 (Burns 1979 Repl.)).[4] Consequently, even assuming that the 2013 and 2016 versions of the statute were both invalid, Roberts would also need to explain why his conviction was invalid under whichever prior version of the statute was operative at the time of his crime. Because the petition does not plausibly

[3] The Indiana legislature has also amended this statute many times before 2014 and twice since 2016.

[4] The crime of possessing controlled substances was codified in Indiana even before 1979, though under a different, now defunct statutory code. *See Russell v. State*, 395 N.E.2d 791, 793 n.1 (1979).

explain why the operative version of the statute invalidates Robert's conviction, the court finds that the petition does not state a valid habeas claim and will deny the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate whether the petition states a valid habeas claim. Therefore, the court denies Roberts a certificate of appealability.

For these reasons, the court:

(1) GRANTS the motion to supplement (ECF 2);

(2) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the petition does not state a valid claim for habeas relief;

(3) DENIES Jeffery Roberts a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(4) DIRECTS the clerk to close this case.

SO ORDERED on August 19, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT