UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFERY ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-818-JD-AZ |

OPINION AND ORDER

Jeffery Roberts, a prisoner without a lawyer, filed a motion to reconsider the opinion denying the habeas petition challenging his conviction. Given the timing of the motion, the court construes it as a motion under Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In the habeas petition, Roberts argued that he was entitled to habeas relief because the 2013 version of the Indiana statute under which he was convicted was invalid due to irregularities in the legislative process. ECF 1. On August 19, 2026, the

court denied the habeas petition, reasoning that, given the date of Roberts' crime, the 2016 version of the Indiana statute governed his conviction, not the 2013 version. ECF 3. In the motion to reconsider, Roberts does not acknowledge the court's finding that the 2013 version of the statute did not apply to his conviction but instead continues to argue that the Indiana legislature did not properly enact the 2013 version of the statute. The court remains unpersuaded that any argument regarding the 2013 version of the statute is relevant to Roberts' conviction and denies the motion to reconsider.

Robert's also filed a motion for a certificate of appealability and motion for leave to appeal *in forma pauperis*. The court denied a certificate of appealability in the prior order, finding that jurists of reasons would not debate the invalidity of the habeas claim. ECF 3. For the same reason, the court also finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith and declines to grant leave to proceed *in forma pauperis* on appeal. Because no other motions remain pending and because this case is closed, the court will also deny the motion for a status update as moot.

For these reasons, the court:

(1) DENIES the motion to reconsider (ECF 6);

(2) DENIES the motion to appeal *in forma pauperis* (ECF 8) and the motion for a certificate of appealability (ECF 10); and

(3) DENIES as MOOT the motion for a status update (ECF 5).

SO ORDERED on September 23, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT