UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFERY ROBERTS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-818-JD-AZ |

OPINION AND ORDER

Jeffery Roberts, a prisoner without a lawyer, filed a second motion to reconsider the order denying the habeas petition challenging his State conviction. ECF 14. Given the timing of the motion, the court construes it as a motion under Fed. R. Civ. P. 60(b). This rule authorizes the court to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

In the habeas petition, Roberts argued that he was entitled to habeas relief because the 2013 version of the Indiana statute under which he was convicted was

invalid due to irregularities in the legislative process. ECF 1. On August 19, 2026, the court denied the habeas petition, reasoning that, given the date of Roberts' crime, the 2016 version of the Indiana statute governed his conviction, not the 2013 version. ECF 3. In the second motion to reconsider, Roberts' argument is difficult to parse, but he appears to argue that, because the 2016 version of the statute is merely a reorganization of the 2013 version of the statute, the 2016 version of the statute is void due to the irregularities in enacting the 2013 version of the statute. However, it is entirely unclear as to why any irregularities in the legislative process affecting the validity of the 2013 version would have also affected the validity of the 2016 version. There is no hint of legislative irregularities with respect to the passage of the 2016 version, nor does Roberts offer any explanation as to why the Indiana legislature could not properly enact a statute in 2016 that it had failed to properly enact in 2013. Therefore, the court will deny the motion to reconsider.

For these reasons, the court DENIES the motion to reconsider (ECF 14).

SO ORDERED on October 6, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT